NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 21 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE DARWIN QUINTANILLA, <br><br> Petitioner, <br><br> v. <br><br> MERRICK GARLAND, Attorney General <br><br> Respondent. | No. 20-71384 <br><br> Agency No. 206-402-118 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 13, 2021[**]
Seattle, Washington

Before: O'SCANNLAIN and CALLAHAN, Circuit Judges, and FITZWATER,[***]
District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

Jose Darwin Quintanilla ("Quintanilla"), a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' ("BIA") denial of his application for deferral of removal under the Convention Against Torture ("CAT").[1] We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

1. Substantial evidence supports the BIA's determination that Quintanilla did not establish a reasonable likelihood of torture if removed to El Salvador. *See Maldonado v. Lynch*, 786 F.3d 1155, 1164 (9th Cir. 2015). The alleged reasons for the beatings Quintanilla suffered in his youth—his refusal to join a gang and suspicion that he was a gang member—do not suggest that his prior assailants have any motive to torture him if he returns to El Salvador, especially considering that Quintanilla lived with his father unharmed for some time. The BIA also reasonably found Quintanilla can relocate to avoid harm by the gangs and that the country conditions do not compel the conclusion that Quintanilla would be tortured for refusing to join the gangs and living in El Salvador. *See* 8 C.F.R. § 1208.16(c)(3)

2. Substantial evidence also supports the BIA's determination that Quintanilla did not establish that the police would acquiesce to any inflicted torture by gang members. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1034-35 (9th Cir.

---

[1] Because the parties are familiar with the facts, we restate only those necessary to explain our decision.

2014).  The police investigated the murder by gang members of Quintanilla's uncle and, generally, police and the Salvadoran government are attempting to control the criminal gangs in El Salvador.  Accordingly, Quintanilla has not carried his burden of showing that the government would torture him or acquiesce in his torture.

**PETITION DENIED.**